# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**No. 95-50448**
**Summary Calendar**

---

UNITED STATES OF AMERICA

Plaintiff/Appellee,

v.

FRANK BAZAN, JR.

Defendant/Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(W-94-CV-323)

---

December 12, 1995

Before WISDOM, DAVIS and STEWART, Circuit Judges.[*]

PER CURIAM:

Plaintiff/appellant, Frank Bazan, Jr., appeals the denial of his motion for relief from his conviction pursuant to 28 U.S.C. § 2255. We find no error, and AFFIRM.

## I.

On July 1, 1992, Frank Bazan, Jr. ("Bazan"), while represented by appointed counsel, pleaded guilty to a single count of conspiracy to distribute heroin.[1] At that proceeding, Bazan acknowledged that he understood the maximum sentence, had discussed the United States Sentencing Guidelines with his counsel, and understood that no one could tell him what his sentence would be until his Presentence Report ("PSR") was completed.

Later, at Bazan's sentencing hearing, the district court adopted the recommendations

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] 21 U.S.C. § 846.

of the PSR, and sentenced Bazan as a "career offender" pursuant to Section 4.B1.1 of the Sentencing Guidelines.[2] Through his counsel, Bazan objected to the career offender provision as cruel and unusual punishment for him. He also challenged the drug quantity calculation, and argued that his sentence should be adjusted two sentencing levels for his acceptance of responsibility. The district court rejected Bazan's argument that the career offender provision was cruel and unusual punishment, and dismissed his objection to the drug quantity calculation as mooted by Bazan's classification as a career offender. The district court did, however, award Bazan two sentencing levels for his acceptance of responsibility. On direct appeal, this court affirmed Bazan's conviction and sentence in an opinion dated December 9, 1992.[3]

In November, 1994, Bazan moved for relief from his conviction pursuant to 28 U.S.C. § 2255. Relying on this court's 1994 decision in *United States v. Bellazerius,*[4] Bazan argued that the district court erred by sentencing him as a career offender, because drug conspiracies are not considered to be controlled substances offenses for purposes of Section 4B1.1 of the Guidelines.[5] Bazan also argued that his trial counsel was ineffective for failing to warn him before his guilty plea that he might be characterized as a career offender or, alternatively, that his trial counsel specifically represented that he would not be sentenced as a career offender.

The district court rejected Bazan's first contention on the ground that it alleged a technical misapplication of the Sentencing Guidelines, a matter which is not cognizable under § 2255. It also rejected Bazan's second claim as unsupported and contradicted by Bazan's own sworn statements at the guilty plea proceeding. Although the issue was not specifically raised by Bazan, the district court also ruled that Bazan's counsel could not be held to have been ineffective for failing to

---

[2] The district court sentenced Bazan to 180 months imprisonment, a five year term of supervised release, a $3,000 fine, and a $50 assessment.

[3] *United States of America v. Bazan,* No. 92-8599 (5th Cir. Dec. 9, 1992).

[4] 24 F.3d 698 (5th Cir.), *cert. denied,* 115 S. Ct. 375 (1994).

[5] *Id.*

2

anticipate the change in the law effected by *Bellazerius*.

After entry of this order, Bazan moved the district court for reconsideration. The court granted Bazan's motion, and also allowed Bazan to supplement his § 2255 petition by adding allegations 1) that his counsel was ineffective for failing to raise the contentions that later succeeded in *Bellazerius*, and 2) that Sentencing Guidelines § 4B1.1 violates the Due Process and Equal Protection Clauses of the United States Constitution. After reconsideration, the district court reinstated its original order denying relief. Bazan filed a timely notice of appeal.

## II.

### A.    The Application of *Bellazarius* to Bazan's Sentencing:

We first address Bazan's claims that relate to this court's recent decision in *United States v. Bellazerius*.[6] In *Bellazarius,* this court held that convictions for conspiracy to violate narcotics laws could not trigger "career offender" enhancement under the U.S. Sentencing Guidelines.[7] Although *Bellazarius* was decided two years after his own conviction was affirmed, Bazan now argues that the district court erred by considering Bazan's drug conspiracy conviction in determining that he was a career offender. He contends also that his trial counsel was ineffective for failing to anticipate the change in the law effectuated by *Bellazarius*. We disagree with both arguments.

First, Bazan acknowledges that a technical misapplication of the Sentencing Guidelines is not a cognizable claim under §2255.[8] He argues, however, that the trial court's misapplication of the Sentencing Guidelines was not merely a technical error, but also a violation of the Due Process and Equal Protection clauses of the Constitution.[9] This court has previously determined that classifying an individual as a "career offender" under the Guidelines does not violate either of these

---

[6]    24 F.3d 698.

[7]    *Id.* at 702.

[8]    Brief of the Appellant at 1.

[9]    *Id.* at 1-3.

3

Constitutional provisions.[10] Thus, Bazan is again left with the bare allegation that the district court misapplied the Guidelines. As Bazan himself admits, this is not a legitimate ground for *habeas* relief.[11]

Bazan also argues that his trial counsel was ineffective for not raising the argument that eventually succeeded in *Bellazerius*. To establish a claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient, and that it resulted in prejudice.[12] Because we find that Bazan has failed to prove that his counsel's performance was deficient, we will not address the second issue of predjudice.

There is no general duty for defense counsel to anticipate changes in the law.[13] At the time of Bazan's sentencing, no court in the United States had rejected the application of the career offender guidelines to cases involving drug conspiracies. In fact, a number of courts had implicitly reached the opposite result by applying the career offender guidelines to conspiracy offenses.[14] The first court to hold that an individual could not be so sentenced was the Court of Appeals for the District of Columbia Circuit in *United States v. Price*.[15] That decision was issued in 1993, well after Bazan's sentencing and direct appeal were final. Of course, this court's *Bellazarius o*pinion was issued even later, in 1994.[16]

---

[10] *United States v. Hayden,* 898 F.2d 966, 967 (5th Cir. 1990).

[11] *See, U.S. v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994); *U.S. v. Williams*, No. 94-50329 (5th Cir. Mar 27, 1995).

[12] *Strickland v. Washington,* 466 U.S. 668, 687, 692; 104 S. Ct. 2052; 80 L. Ed. 2d 674, 693, 696 (1984).

[13] *Morse v. Texas,* 691 F.2d 770, 772 n.2 (5th Cir. 1982).

[14] *See United States v. Whitaker,* 938 F.2d 1551 (2d Cir. 1991), *cert. denied,* 502 U.S. 1076 (1992); *United States v. Belton,* 890 F.2d 9 (7th Cir 1989), *denial of habeas aff'd by* 958 F. 2d 374 (7th Cir.), *cert. denied,* 113 S. Ct. 391 (1992); *United States v. Jones,* 898 F.2d 1461 (10th Cir. 1989), *cert. denied,* 498 U.S. 838 (1990) All of these cases assume without deciding that a person convicted of conspiracy may be sentenced as a career offender.

[15] 990 F.2d 1367 (D.C. Cir. 1993).

[16] 24 F.3d 698.

Furthermore, the rule adopted by this court in *Bellazarius* is the minority view. Since *Price,* the majority of the federal courts addressing the issue have reached the opposite result, holding that the career offender provision of the Sentencing Guidelines includes conspiracy offenses.[17] Thus, the rule this court adopted in *Bellazerius* was not so obvious that reasonably competent counsel should have foreseen its holding. Bazan's counsel was not deficient for failing to raise the issue at the time of Bazan's sentencing. Accordingly, his performance does not constitute ineffective assistance of counsel.

## B.    Counsel's Advice to Bazan about Sentencing Guidelines.

We next address Bazan's claims relating to the advice he received from his trial counsel about his probable sentence. On appeal, Bazan contends that his counsel did not tell him that there was a possibility he could be sentenced as a career offender.[18] This is not the argument Bazan presented to the district court, however. In his preliminary statement to the district court, Bazan stated,

> "The petitioner questioned his attorney on several occasions in regards to this issue on whether or not the Court was going to categorize him as a career offender. The petitioner told his attorney that he needed this information in order for the petitioner to make a proper analysis and decide on whether to plea guilty or stand trial. However, counselor denied the fact and told the petitioner that he was not going to be considered as a career offender."[19]

Thus, it is clear that Bazan's initial complaint was that his counsel failed to accurately predict that Bazan would be sentenced as a career offender. This court will not consider an argument raised for

---

[17]    *United States v. Mendoza-Figueroa,* 65 F.3d 691 (8th Cir. 1995) (*en banc); United States v. Jackson,* 60 F.3d 128, 132 (2d Cir.), *cert. denied,* --S.Ct. --, 1995 WL 642312 (Nov. 13, 1995); *United States v. Williams,* 53 F.3d 769, 772 (6th Cir. 1995); *United States v. Weir,* 51 F.3d 1031, 1031 (11th Cir. 1995); *United States v. Piper,* 35 F.3d 611, 618 (1st Cir. 1994), *cert. denied,* 115 S. Ct. 118 (1995); *United States v. Kennedy,* 32 F.3d 876, 888-89 (4th Cir. 1994), *cert.* denied, 115 S. Ct. 939 (1995); *United States v. Damerville,* 27 F.3d 254, 257(7th Cir.), *cert. denied,* 115 S. Ct. 445 (1994); *United States v. Hightower,* 25 F.3d 182, 187 (3d. Cir. ), *cert. denied,* 115 S. Ct. 370 (1994); *United States v. Allen,* 24 F.3d 1180, 1186 (10th Cir.), *cert. denied,* 115 S. Ct. 493 (1994).

[18]    Brief of the Appellant at ii, 7.

[19]    Record at 64-65.

the first time on appeal.[20] Therefore, we will not address Bazan's contention that his counsel did not tell him that there was a possibility he could be sentenced as a career offender.

We will, however, review Bazan's initial argument that his trial counsel was ineffective for inaccurately predicting that Bazan would be sentenced as a career offender. As previously discussed, to prove ineffective assistance of counsel, a petitioner must prove both that his counsel's performance was deficient and that it caused prejudice.[21] Bazan has failed to prove either prong of this test.

First, in addressing counsel's performance, this court has previously determined that an attorney's incorrect prediction of the application of Sentencing Guidelines does not constitute ineffective assistance of counsel.[22] Second, Bazan's own sworn statements at his plea proceeding contradict his current assertion of prejudice. For, although Bazan now claims that he would not have pleaded guilty had he known he could be sentenced as a career offender, at the time he entered his guilty plea, Bazan indicated under oath that 1) he understood the maximum possible punishment he could face, 2) that no one could tell him what his sentence would be until after the court reviewed his Presentence Report, 3) and that he had discussed the application of the Sentencing Guidelines to his case. These statements all contradict his current assertion that he would not have pleaded guilty had he known that he could receive the career offender sentence. Therefore, we find that Bazan has failed to prove that his trial counsel was ineffective for inaccurately predicting that Bazan would be sentenced as a career offender.

### III. Conclusion

For the foregoing reasons, we AFFIRM the dismissal of Bazan's *habeas corpus*

---

[20]    *West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.,* 981 F.2d 749 (5th Cir. 1993).

[21]    *Strickland.,* 466 U.S. at 688.

[22]    *United States v. Rivera,* 898 F.2d 442, 447 (5th Cir. 1990); *See also, United Staes v. Pearson,* 910 F.2d 221, 222 (5th Cir. 1990) (holding that due process does not require notice, advice, or prediction of where, within the statutory range, a guidelines sentence will fall), *cert. denied,* 498 U.S. 1093 (1991).

6

petition.